**In re Helene KAUFMAN, a/k/a Helene Lustig Kaufman, Debtor.**

**Helene KAUFMAN, as Debtor–In–Possession, Plaintiff,**

v.

**Robert LUSTIG and Michael Lustig, Robert Schneider, as Escrow Agent, and Theresa Squitieri and Steven Squitieri, Defendants.**

**Bankruptcy No. 87 B 20436.**
**Adv. No. 91 6018.**

United States Bankruptcy Court, S.D. New York.

Feb. 20, 1991.

Julian Alan Schulman, Suffern, N.Y., for debtor.

Jeffrey L. Sapir, Hartsdale, N.Y., for Robert and Michael Lustig.

## DECISION ON MOTION FOR A PRELIMINARY INJUNCTION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Helene Kaufman, the debtor in possession in the above captioned Chapter 11 case, seeks a preliminary injunction pursuant to Fed.R.Civ.P. 65, as adopted by Bankruptcy Rule 7065, enjoining Steven Squitieri, as obligor under an installment note from making any payments to the debtor's two children as assignees of the note until

this court determines the debtor's adversary proceeding which seeks to set aside her transfer of the note to her children. The debtor contends that her transfer of the note to her children was a fraudulent conveyance and should be voided. The debtor's children reason that the debtor has not demonstrated sufficient cause to support the issuance of a preliminary injunction.

## FINDINGS OF FACT

1. On March 23, 1989 the debtor, Helene Kaufman, filed with this court her voluntary petition for reorganizational relief under Chapter 11 of the Bankruptcy Code and continues as a debtor in possession in accordance with U.S.C. §§ 1107 and 1108.

2. The debtor previously filed a Chapter 13 petition with this court on the heels of a Chapter 7 case, which was then converted back to Chapter 7. Thereafter the debtor converted the Chapter 7 case upon the filing of a voluntary Chapter 11 petition.

3. In 1984 the debtor inherited from her late husband his stock interest in Sanitation Salvage Corporation.

4. Pursuant to a written agreement dated December 20, 1985, the debtor sold her stock ownership in Sanitation Salvage Corporation to Steven Squitieri, who was then employed by that corporation. In accordance with the sale, Squitieri executed and delivered to the debtor an installment note in the sum of $175,000.00 with interest at the rate of 10% per annum payable in equal monthly installments of $1,668.80. A check for $1,668.80 was thereafter paid by Squitieri to the debtor on a monthly basis.

5. The debtor testified that in August of 1986, she verbally requested Squitieri to make the monthly payments to two of her children, Robert and Michael Lustig.

6. The debtor further testified that after conferring with the Chapter 7 trustee in 1987, she executed written documents transferring her interest in the $175,000.00 installment note to Robert and Michael Lustig and back-dated the assignment to 1986. The debtor maintains that this assignment of the installment note should be set aside as a fraudulent transfer under New York law because the assignment rendered her insolvent.

7. Gary Price testified that he is the half brother of Robert and Michael Lustig and was recently awarded custody of Michael Lustig, who is a minor. The award of custody was granted by the New York Surrogate's Court, Westchester County, on the ground that the debtor had abandoned her children. Price receives the monthly payments under the Squitieri's installment note and applies the funds for Robert's college expenses and for the living expenses of Robert and Michael Lustig.

8. In an affidavit executed by the debtor, sworn to January 5, 1988, the debtor opposed an action brought by the former Chapter 7 trustee to set aside as a fraudulent conveyance the debtor's assignment of her stock in her late husband's corporation and any interest she might have in the monthly payments by Squitieri under the installment note. In this affidavit, the debtor said that Robert and Michael Lustig were the owners of the shares in her husband's corporation and were entitled to receive the monthly installment payments. The pertinent statements in the debtor's affidavit are as follows:

\*      \*      \*      \*      \*      \*

Upon the advice of various professionals and advisors, the transaction was structured to insure the support of my children, especially in order to reimburse my children for monies previously taken by your deponent, and her deceased husband at previous times, and with absolutely no fraudulent intent, actual or constructive.

\*      \*      \*      \*      \*      \*

The purchaser, Steven Squitieri, and his attorney, did not want to enter into a contract with minors. It was decided that your deponent would enter the contract on behalf of the children. Steven Squitieri, also a defendant herein, will not deny that he knew full well the circumstances of the transaction and the previous transfer to the children. It was also for this reason that the special Rider to the 20 December 1985 agreement was

executed, after the actual closing had taken place, assigning all benefits of the contract to Robert and Michael Lustig. This was simply an attempt to close the circle between the earlier corporate minutes, and the fact that the contract itself was in your deponent's name.

\* \* \* \* \* \*

Both prior, and after Adolph Kaufman's death, your deponent used substantial monies of the children, held for the children in accounts established under the Uniform Gift to Minors Act, for their own business and personal uses, mostly business. Prior to his death, Adolph Kaufman was a partner in a corporate business known as Davco Food Services, Inc. In the early half of the 1980's this business suffered dramatic reversals, and losses. Adolph Kaufman and I put large amounts of money into this business, much of it from these custodial accounts. Although this may have been improper, as this was the children's money, it was out of economic necessity, since this business was the main source of support for the family, including the children.

9. The debtor testified that her sworn affidavit was false and that she knowingly submitted a false affidavit in opposition to the Chapter 7 trustee's action to set aside the debtor's transfer of her interest in the Squitieri's installment note to her children, Robert and Michael Lustig.

10. If the debtor is successful in her adversary proceeding to set aside the transfer of her interest in the Squitieri installment note to her children, Robert and Michael Lustig, the debtor would be entitled to receive a fixed sum of money, representing the monthly amounts previously paid to her children together with the unpaid balance due under the installment note.

11. This monetary amount would adequately compensate the debtor for the claim asserted in the adversary action against Robert and Michael Lustig.

12. Based upon the facts in this case, the balance of hardship would tip in favor of the debtor's children, Robert and Michael Lustig, in determining whether or not preliminary injunctive relief should be granted as requested by the debtor.

## DISCUSSION

A preliminary injunction is obtainable under 65 Fed.R.Civ.P. in connection with an adversary proceeding to obtain an injunction when it appears that immediate and irreparable injury, loss or damage will be sustained by the applicant if the injunction is not granted; that there is a likelihood of success on the merits and a balance of hardship in favor of the applicant.

The standard in the Second Circuit for injunctive relief clearly calls for a showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. (Citations omitted).

*Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979). *Accord, Western Publ. Co., Inc. v. Rose Art Indust., Inc.*, 910 F.2d 57, 59 (2d Cir.1990); *Alan Skop, Inc. v. Benjamin Moore, Inc.*, 909 F.2d 59, 60 (2d Cir.1990); *Deeper Life Christian Fellowship, Inc. v. Board of Education Of the City of New York*, 852 F.2d 676, 679 (2d Cir.1988); *Savage v. Gorski*, 850 F.2d 64, 67 (2d Cir.1988); *McNeilab, Inc. v. American Home Products Corp.*, 848 F.2d 34, 37 (2d Cir.1988).

In the instant case, the applicant is totally discredited as a credible witness, having admitted that she previously submitted to this court a false, sworn affidavit with respect to the transaction in question. Thus, for one adversary proceeding, the debtor swore that her children were the proper assignees of the $175,000.00 monthly installment note which she now contends she transferred to them in fraud of her creditors and which she would like to reclaim for the purpose of funding her Chapter 11 plan. Should the debtor succeed in achieving her objective, her children, Robert and Michael Lustig, would be deprived

of income for their support and education. Such deprivation would cut even harder, because the debtor previously admitted that this income was intended as a reimbursement for large amounts of money which the debtor previously took from her children's custodial accounts. Manifestly, under these facts the balance of hardships tips decidedly toward the debtor's children and not toward her.

■ The debtor has also failed to sustain the requirement that she will sustain irreparable harm if a preliminary injunction is not granted. The term "irreparable injury" means injury for which a monetary award cannot be adequate compensation and that money damages would not adequately compensate the applicant. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d at 72. In the case at bar, the debtor did not demonstrate any likelihood that money damages would not be adequate compensation.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(H).

2. The debtor has failed to demonstrate that she will sustain irreparable harm if a preliminary injunction is not granted and has failed to establish that the balance of hardships tips decidedly in her favor.

3. The debtor's application for a preliminary injunction pursuant to 65 Fed.R.Civ.P. and Bankruptcy Rule 7065 is denied.

SETTLE ORDER on notice.